LABARGA, J.,
dissenting.
I dissent because I conclude that the ballot title and ballot summary are fatally confusing in regard to the conditions or diseases which may be treated by the use of medical marijuana. When determining the validity of initiative petitions such as this, the Court’s inquiry is limited to whether the petition satisfies the constitutional single-subject requirement and the requirement of section 101.161(1), Florida Statutes (2013). See Advisory Op. to Att’y Gen. re Amend. to Bar Gov’t from Treating People Differently Based on Race in Pub. Educ., 778 So.2d 888, 890-91 (Fla.2000). Section 101.161(1) requires that that ballot title and summary state “in clear and unambiguous language the chief purpose of the measure.” Advisory Op. to Att’y Gen.—Limited Political Terms in Certain Elective Offices, 592 So.2d 225, 228 (Fla.1991).
We have noted that “voters are generally required to do their homework and educate themselves about the details of a proposal and about the pros and cons of adopting the proposal.” Smith v. Am. Airlines, Inc., 606 So.2d 618, 621 (Fla.1992). However, no amount of voter homework would disclose exactly what conditions or diseases may be treated with medical marijuana under this ballot title and summary. As we reiterated in Armstrong v. Harris, 773 So.2d 7 (Fla.2000), “[t]he problem, therefore, lies not with what the summary says, but rather with what it does not say.” Id. at 15 (quoting *825 Askew v. Firestone, 421 So.2d 151, 156 (Fla.1982)).
While the ballot title suggests that medical marijuana may be prescribed only for “certain medical conditions,” the ballot summary states that the use is allowed for “debilitating diseases as determined by a licensed Florida physician.” At this point, the voter will not know if the category of “medical conditions” for which use of medical marijuana is allowed is smaller or larger than the category of “debilitating diseases” for which physicians may prescribe medical marijuana. Further confusing the matter for the voter is the fact that the text of the amendment defines “debilitating medical condition” with a list of specifically named diseases followed by a catchall phrase, “other conditions for which a physician believes that the medical use of marijuana would likely outweigh the potential health risks for a patient.” Is the term “condition” limited to what may be characterized as a “disease”? Or may a debilitating medical condition be a condition not caused by disease? While “disease” may be defined by use of the term “condition,” it is not so clear that “condition” is in turn defined by use of the term “disease” or is synonymous with it. The confusion inherent in the use of these terms, even when read together, gives me great concern that the voter will not be fairly and clearly apprised of the proposal’s chief purpose.
“Fair notice in terms of a ballot summary must be actual notice consisting of a clear and unambiguous explanation of the measure’s chief purpose.” Askew, 421 So.2d at 156. In my view, even the informed voters who have done their homework and read the complete ballot title, ballot summary, and ballot text will not be clearly informed of what limits, if any, are placed on the use of medical marijuana. Nor will the voter know the scope of “certain medical conditions” or “debilitating diseases” for which the use of marijuana may be allowed.
This Court has been assiduous in the past in scrutinizing ballot titles and summaries to assure that they fairly inform the voters of the substance and effect of proposed amendments. Although the Court is reluctant to remove proposed amendments from a vote of the public, this Court has not been reluctant to strike a summary that fails to clearly and fully inform the voter of the significant effects of the amendment. As we held in Smith, “we are required by section 101.161 [Florida Statutes] to ensure that the ballot summary clearly communicates what the electorate is being asked to vote upon. This ballot summary fails to do so.” Smith, 606 So.2d at 621.
I do recognize that the limited range of the ballot summary “prevents [it] from revealing all the details or ramifications of the proposed amendment.” Smith, 606 So.2d at 621. Even so, the summary must clearly state the amendment’s chief purpose.[2] In this case, the chief purpose of *826 the proposed amendment is inextricably tied to the circumstances under which medical marijuana may be prescribed. That is exactly the area of the ballot title and summary that are not clear. For these reasons, I dissent from the majority’s approval of the ballot title and summary and the placement of this proposed amendment on the ballot.

. Section 101.161(1), Fla. Stat. (2013), provides that the ballot summary for a constitutional amendment proposed by citizen initiative "shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure.” Given the complexity of issues often raised in amendments proposed by citizen initiative, the Legislature should consider expanding that limit or providing some mechanism for redrafting the amendment, where practicable, to provide the clarity necessary for placement on the ballot. The Legislature provided a similar corrective mechanism for legislatively proposed constitutional amendments where the ballot statement proposed by legislative joint resolution is found to be defective. Section 101.161, Florida Statutes, was amended in 2011 to provide in subsection (3) that if the court finds the Legislature’s ballot statement to be defective, the Attorney General may prepare and submit a revised ballot statement, unless *826 otherwise provided in the joint resolution. See § 101.161(3)(b)2., Fla. Stat. (2011). I urge the Legislature to consider extending a similar corrective mechanism to constitutional amendments proposed by citizen initiative.